**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DEODERICO POLINTAN SAN PEDRO,
Petitioner,

            *Petitioner,*

v.

JOHN ASHCROFT, Attorney General,
            *Respondent.*

No. 02-74367

Agency No.
A41-250-336

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2004*
Pasadena, California

Filed January 28, 2005

Before: Dorothy W. Nelson, Alex Kozinski, and
Susan P. Graber, Circuit Judges.

Opinion by Judge D.W. Nelson

---

*The panel unanimously finds this case suitable for decision without
oral argument. Fed. R. App. P. 34(a)(2)(C).

1225

## COUNSEL

Nora E. Milner, Law Offices of Nora E. Milner, Esq., San Diego, California, for the petitioner.

Anthony P. Nicastro, United States Department of Justice, Washington, D.C., for the respondent.

## OPINION

D.W. Nelson, Senior Circuit Judge:

Deoderico San Pedro petitions for review of the Board of Immigration Appeals' (BIA) affirmance of the decision of the

immigration judge (IJ) to deny San Pedro a waiver of removal under Immigration and Nationality Act (INA) § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H) (2001). Because San Pedro's appeal was summarily affirmed by the BIA, we review the IJ's decision as the final agency action. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir. 2003).

San Pedro, a citizen of the Philippines, entered the United States in 1987 on a preference visa as the unmarried son of a United States citizen. He willfully misrepresented to the INS that he was unmarried. In fact, however, he had been married since 1983 to a woman living in the Philippines.

In April 2000, the INS issued a Notice to Appear to San Pedro charging him with removabililty under INA § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A), for being an inadmissible alien at the time of entry under INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i).[1] San Pedro conceded removability, but sought several forms of relief: a waiver under INA § 237(a)(1)(H), cancellation of removal and, in the alternative, voluntary departure.[2]

The IJ found San Pedro statutorily ineligible for the § 237(a)(1)(H) waiver on the ground that San Pedro's father, who had petitioned for his entry visa, died several months before San Pedro's visa interview. Although San Pedro did receive his visa in 1987, the IJ reasoned that, upon his father's death, it was automatically revoked, retroactive to the date of approval, under 8 C.F.R. § 205.1(a)(3)(i)(C). Therefore, the IJ deemed San Pedro incapable of meeting a threshold require-

---

[1] INA § 212(a)(6)(C)(i) provides that, "Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(i).

[2] San Pedro does not challenge the denial of his applications for cancellation of removal and voluntary departure in this appeal.

ment of the § 237(a)(1)(H) waiver — possession of an immigrant visa or equivalent document.

**[1]** The IJ also held that, "even if [San Pedro were] statutorily eligible for the requested waiver, the unfavorable factors in the record outweigh the favorable." The IJ assumed *arguendo* that San Pedro was statutorily eligible and concluded, after lengthy analysis, that San Pedro did not merit a favorable exercise of discretion. This alternative holding makes impossible a determination of the basis for the BIA's affirmance. *See Lanza v. Ashcroft*, 389 F.3d 917, 924 (9th Cir. 2004) (remanding to the BIA for clarification in a similar circumstance)*; see also Zhu v. Ashcroft*, 382 F.3d 521, 527 (5th Cir. 2004) (same); *Haoud v. Ashcroft*, 350 F.3d 201, 205-06 (1st Cir. 2003) (same).

**[2]** On remand, if the BIA clearly affirms the discretionary determination, we will lack jurisdiction to review San Pedro's petition under the judicial review provisions of INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii).[3] In *Spencer Enterprises, Inc. v. United States*, 345 F.3d 683 (9th Cir. 2003), we held that § 242(a)(2)(B)(ii) refers to "acts the *authority* for which is *specified* under the INA to be discretionary." *Id*. at 689. The specified discretion must be pure and unguided by legal standards. *Id*. at 689-90. Section 237(a)(1)(H) clearly specifies that the discretionary waiver determination lies in the hands of the Attorney General. *See* 8 U.S.C. § 1227(a)(1)(H) (removal "may, in the discretion of the Attorney General, be waived for any alien . . . who [meets certain eligibility requirements]"). Although there are non-discretionary eligibility elements that must be met under

---

[3]INA § 242(a)(2)(B) provides: "Notwithstanding any other provision of law, no court shall have jurisdiction to review — (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or (ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title." 8 U.S.C. § 1252(a)(2)(B).

§ 237(a)(1)(H), "the ultimate authority whether to grant [the waiver] rests entirely in the discretion of the Attorney General." *Spencer*, 345 F.3d at 690; *see also Matsuk v. INS*, 247 F.3d 999, 1002 (9th Cir. 2001). Accordingly, we have jurisdiction only to review the statutory eligibility elements under § 237(a)(1)(H) and lack jurisdiction to review discretionary denial of the waiver.

San Pedro also argues that the streamlining of his appeal to the BIA violated his due process rights. This argument has been foreclosed by *Falcon Carriche*, 350 F.3d at 849-50.

**VACATED AND REMANDED.**