**Danilo ALOP, aka Danilo Manzanillo Alop; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71691.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2004.*

Decided Feb. 8, 2005.

---

* The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Benjamin V. Chen, Benjamin V. Chin, AAL, LLLC, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Nelda C. Ackerman, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRUNETTI, GRABER, and BYBEE, Circuit Judges.

MEMORANDUM **

Petitioner Danilo Alop, his wife, Susanna, and their children appeal the BIA's summary affirmance of the immigration judge's ("IJ") denial of their application for a waiver of inadmissibility.

Under *San Pedro v. Ashcroft*, 395 F.3d 1156, 1157 (9th Cir.2005), *Medina–Morales v. Ashcroft*, 371 F.3d 520, 528 (9th Cir. 2004), and *Spencer Enterprises, Inc. v. United States*, 345 F.3d 683, 689–90 (9th Cir.2003), we have held that we do not have jurisdiction to review decisions by the Attorney General that are committed solely to the discretion of the Attorney General. Section 237(a)(1)(H) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(B)(ii), is one of those provisions that commits to the Attorney General discretion regarding whether to waive removal. *San Pedro*, 395 F.3d 1156, 1157 ("Section 237(a)(1)(H) clearly specifies that the discretionary waiver determination lies in the hands of the Attorney General.... Accordingly, we have jurisdiction only to review the statutory eligibility elements under § 237(a)(1)(H) and lack jurisdiction to review discretionary denial of the waiver." (citations omitted)); *see also Matsuk v. INS*, 247 F.3d 999, 1002 (9th Cir.2001) ("[W]e hold that Section 1252(a)(2)(B)(ii) divests this court of jurisdiction to review denials of withholding based upon an exercise of the BIA's discretion."). The IJ determined that Alop and his wife had continued to perpetuate a fraud upon the INS in their subsequent applications to the INS and that Alop's wife's testimony to the IJ perpetuated that fraud. Section 237(a)(1)(H) states that the decision to grant a waiver of inadmissibility to any alien who is found to procure admission to the United States by fraud or willful mis-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

representation of a material fact is within the discretion of the Attorney General. *San Pedro*, 395 F.3d at 1157; *Medina–Morales*, 371 F.3d at 528. We therefore lack jurisdiction over Alop's challenge to the denial of his waiver of inadmissibility and must dismiss the petition for review.

DISMISSED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.