**Juan Almaraz RODRIGUEZ, A76–666–270, Petitioner—Appellant,**

**Erick Rodriguez, a minor, by and through his Guardian Ad Litem, Otoniel Solis, Intervenor—Appellant,**

v.

**Michael CHERTOFF,\* Secretary, Department of Homeland Security; et al., Respondents—Appellees.**

No. 04–55371.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2005.

Decided July 5, 2005.

Jaime Jasso, Weslake Village, CA, for Petitioner–Appellant and Intervenor–Appellant.

Richard M. Evans, Esq., Nancy E. Friedman, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondents–Appellees.

Before: FERGUSON, NOONAN, and HAWKINS, Circuit Judges.

MEMORANDUM \*\*

Juan Almaraz–Rodriguez ("Rodriguez"), a native and citizen of Mexico, appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition challenging the Board of Immigration Appeals's ("BIA's") summary affirmance of the Immigration Judge's ("IJ's") denial of cancel-

---

\* Michael Chertoff is substituted for his predecessor, Tom Ridge, as Secretary of Homeland Security. Fed.R.App.P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

lation of removal under 8 U.S.C. § 1229b(b). Under the Real ID Act of 2005, Pub.L. 109–13, habeas relief is barred, so we treat Rodriguez's appeal as a petition for review, *see* 8 U.S.C. § 1252(a)(5), reviewing the constitutional claims or questions of law raised within it. *See* 8 U.S.C. § 1252(a)(2)(D).

The IJ did not violate due process in determining Rodriguez failed to prove three independent requirements for cancellation of removal. First, the IJ used the correct preponderance of the evidence standard for determining continuing physical presence, and did not misapply the law. Second, Rodriguez is per se excluded from establishing good moral character because of the alien-smuggling provision, 8 U.S.C. § 1182(a)(6)(E)(i), and does not qualify for an exception under 8 U.S.C. § 1182(a)(6)(E)(ii) because he did not smuggle his spouse before May 5, 1988. Third, Rodriguez has provided no support that the IJ violated due process in making the adverse extreme hardship determination; rather, he disagrees with the IJ's purely discretionary decision. *See* 8 U.S.C. § 1252(a)(2)(B)(i) (2000); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). Moreover, Rodriguez failed to brief, and thus waived on appeal, any potential constitutional or statutory challenge to the extreme hardship determination based on the denial of a continuance. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).

Erick Rodriguez, Rodriguez's United States citizen son, filed a motion in the district court to intervene in his father's case under Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure. The district court properly denied intervention as of right and did not abuse its discretion in denying permissive intervention.

**PETITION DENIED.**

FERGUSON, Circuit Judge, concurring in part, dissenting in part.

I respectfully dissent from the majority's denial of Juan Almaraz–Rodriguez's ("Rodriguez") petition for review for the reason that the Board of Immigration Appeals' ("BIA") summary affirmance prevents this Court from properly determining its jurisdiction and the issues before it. Because we do not know whether the BIA affirmed the Immigration Judge's ("IJ") decision on a reviewable or an unreviewable basis, the proper course of action is to remand to the BIA so that it can identify the ground on which it relied in summarily affirming the IJ's rejection of Rodriguez's cancellation of removal application under 8 U.S.C. § 1229b(b). *See Lanza v. Ashcroft,* 389 F.3d 917 (9th Cir.2004). I concur, however, that we should affirm the District Court's refusal to permit Erick Rodriguez from intervening in his father's case.

This case presents the situation where the BIA affirmed without opinion, and there is no way of knowing on which ground or grounds the BIA rejected Rodriguez's cancellation of removal application. The IJ denied Rodriguez's application on three independent grounds: failure to prove (1) continuous physical presence, (2) good moral character, and (3) extreme hardship. I agree with the majority that the extreme hardship determination is unreviewable under 8 U.S.C. § 1252(a)(2)(B)(i) (2000) and *Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). But I disagree with the majority addressing the merits of the continuous physical presence and good moral character findings, two potentially reviewable issues, without first determining why or on which ground the BIA summarily affirmed the IJ's decision.

In *Lanza,* we followed our sister circuits' lead and recently held that due process requires remanding matters back to the

BIA when the BIA affirms without opinion, and this court cannot, consequently, determine on which ground or grounds the BIA based its decision. 389 F.3d at 927–28; *see Haoud v. Ashcroft*, 350 F.3d 201, 205 (1st Cir.2003); *Zhu v. Ashcroft*, 382 F.3d 521, 527 (5th Cir.2004) ("we are … free to vacate and remand when we simply cannot determine based upon a review of the IJ's decision why the applicant was denied relief [by the BIA]"). The IJ denied Lanza's asylum application on two alternative grounds: untimeliness, an unreviewable issue, and on the merits, a reviewable issue. 389 F.3d at 919. We remanded Lanza's asylum claim to the BIA because it was impossible to determine, as it is here, whether the BIA's final order summarily affirming the IJ's decision without opinion was based on an unreviewable or a reviewable issue. *Id.*

Until we can fairly determine our jurisdiction over Rodriguez's petition, we should refrain from discussing the merits of his constitutional and statutory claims. *See Haoud*, 350 F.3d at 205 (refraining from reaching the merits of petitioner's asylum claim where the BIA's decision prevents a reviewing court from determining its own jurisdiction). Instead, we should remand to the BIA so that it can identify the ground on which it relied in summarily affirming the IJ's denial of cancellation. *See Diaz–Ramos v. Gonzales*, 404 F.3d 1118 (9th Cir.2005) (order remanding cancellation of removal case to the BIA for clarification in light of *Lanza*); *San Pedro v. Ashcroft*, 395 F.3d 1156, 1157 (9th Cir.2005) (remanding for clarification in light of *Lanza* because "alternative holding makes impossible a determination of the basis for the BIA's affirmance"); *cf. Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1194 (9th Cir.

2005) (remanding to the BIA for clarification). Accordingly, I must dissent.