Oksana MEGED; et al., Petitioners,

v.

Alberto GONZALES, Attorney General, Respondent.*

No. 02–72664.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2005.

Decided Aug. 26, 2005.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General.

Before: GIBSON,[**] GRABER, and CALLAHAN, Circuit Judges.

MEMORANDUM [***]

Petitioners Oksana and Sergiy Meged, and their daughter, Yuliya Meged, all Ukranian nationals, conceded removability and sought asylum and withholding of removal, and alternatively requested voluntary departure. The immigration judge ("IJ") denied relief and the Board of Immigration Appeals ("BIA") summarily affirmed. On behalf of all three, Oksana petitioned for review, arguing that the IJ's decision should be reversed because the IJ abused his discretion and because he failed to consider all the evidence in the record. She also argued that the BIA's summary affirmance procedure violated petitioners' due process rights. We deny the petition.

When the BIA does not perform an independent review of the IJ's decision and instead defers to the IJ, the court of appeals reviews the IJ's decision as the final agency action. *San Pedro v. Ashcroft*, 395 F.3d 1156, 1156 (9th Cir.2005). The BIA's affirmance of the IJ's decision that an alien has not established eligibility for asylum or withholding of removal is reviewed under the substantial evidence standard. *Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir.2004). The BIA's determination must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole," *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and can be reversed only if the evidence presented by Oksana "was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed," *id.*

■ The IJ did not make an explicit adverse credibility finding; therefore, Oksana is deemed credible. *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir.2004) ("Testimony must be accepted as true in the absence of an explicit adverse credibility finding."). Nevertheless, accepting that Oksana's testimony is credible, her claims do not rise to the level of persecution. Oksana described a series of anonymous threatening phone calls, name-calling and minor vandalism, none of which she reported to the authorities. Such conduct does not constitute persecution. *See Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 870 n. 6 (9th Cir.2003) ("unspecified threats" received by Mexican national not

[**] The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"sufficiently menacing to constitute past persecution").

■ Similarly, Sergiy's loss of employment and Oksana's placement in a lower-paying job do not in themselves constitute persecution because "mere economic disadvantage alone does not rise to the level of persecution." *Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir.2004) (holding that loss of employment pursuant to South Africa's affirmative action plan did not amount to persecution based on the deliberate infliction of substantial economic disadvantage).

■ The university's denial of admission to Oksana allegedly because she was perceived to be Jewish is properly characterized as discrimination—not persecution. Persecution "does not include mere discrimination, as offensive as it may be." *Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996). Moreover, Oksana's admission the following year weighs against a finding of persecution.

■ In addition, the record does not support Oksana's claim that government authorities searched her apartment because she was Jewish. The search warrant presented at the time of the search indicated that government authorities were investigating what appeared to be a "currency customs" documentary violation of law. The warrant sought property belonging to Sergiy's employer. In fact, the officers took only the travel case containing such property, which Sergiy admitted he had kept for his employer. Although the officers found $600 in cash, they returned it immediately to Oksana. Petitioners were never charged with any crimes, were not physically harmed or verbally threatened, and were not bothered by government officials on any other occasion. Additionally, Sergiy's parents, who were not Jewish, were also questioned and searched for property belonging to Sergiy's employer.

■ Furthermore, there was evidence in the record that conditions in Ukraine had changed since the collapse of the Soviet Union. According to the country report prepared by the State Department, there has been a resurgence of Jewish religious and cultural institutions. The report states there is no indication that anti-Semitism has any place in government policy, the government has protected the rights of the Jewish community, and the Union of Councils for Soviet Jewry and Amnesty International have active offices in Kiev. Although there are indications that anti-Semitism still exists in parts of Ukraine, there is no indication from the State Department profiles that the government of Ukraine promotes or supports anti-Semitism. Oksana's expert disputed portions of the State Department report; however, he admitted that there were Jewish schools, universities, theaters, and synagogues in Ukraine and that two major Ukranian cities had Jewish mayors.

On this record, we cannot find that the IJ's determination that petitioners did not have a well-founded fear of persecution is not supported by substantial evidence. Since petitioners' evidence did not compel a contrary finding, the IJ's conclusion must be upheld under the deferential "substantial evidence" standard set forth in *Elias–Zacarias*, 502 U.S. at 481, 112 S.Ct. 812. Similarly, because petitioners could not establish their eligibility for asylum, the IJ properly concluded that they were not eligible for withholding of removal. *See Al–Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir.2001) (the " 'clear probability' standard for withholding of removal is more stringent than the well-founded fear standard governing asylum" (citations omitted)).

Finally, petitioners' argument that the BIA's summary affirmance of the IJ's decision violated their due process rights was

rejected in *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848 (9th Cir.2003).

The petition for review is DENIED.

JOHN R. GIBSON, Circuit Judge, concurring specially.

I concur specially because the decision reached by this court today follows circuit precedent in an opinion by the en banc court in *Fisher v. INS,* 79 F.3d 955 (9th Cir.1996). I believe the observations in *Korablina v. INS,* 158 F.3d 1038, 1045 (9th Cir.1998), are particularly apt.

To me, the frequent use of the term "mere discrimination" is most troublesome. What is termed "mere discrimination" can portend much more. Such differentiation between discrimination and persecution fails to consider the events in the world commencing in the last third of the twentieth century when pervasive discrimination did indeed lead to persecution, and ultimately the Holocaust.