**Eduardo Caranza MARANA, a.k.a. Eduardo Marana, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70175.

United States Court of Appeals, Ninth Circuit.

---

Submitted Sept. 12, 2005.*

Decided Sept. 16, 2005.

Brian D. Lerner, Esq., Law Offices of Brian D. Lerner, Long Beach, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Eduardo Caranza Marana, a native and citizen of the Philippines, appeals the Board of Immigration Appeals' ("BIA") denial of his applications for waiver of inadmissibility and for cancellation of removal. We have partial jurisdiction under 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary denial of Marana's fraud waiver application. *See San Pedro v. Ashcroft,* 395 F.3d 1156, 1157–58 (9th Cir.2005) ("Section 237(a)(1)(H) clearly specifies that the discretionary waiver determination lies in the hands of the Attorney General.... Accordingly, we have jurisdiction only to review the statutory eligibility elements under § 237(a)(1)(H) and lack jurisdiction to review discretionary denial of the waiver.") (internal citations omitted).

Marana's contention that the BIA's application of the 90/180–day rule of 8 U.S.C. § 1229b(d)(2) violates his due process rights because of impermissible retroactivity is foreclosed by this court's decision in *Garcia–Ramirez v. Gonzales,* 2005 WL 2045773, *5 (Aug. 26, 2005) ("Because we have already held that IIRIRA's transitional rules contain express congressional intent to apply the 90/180–day rule to petitioners who left the country for more than 90 days before IIRIRA's passage, we conclude that we are required to apply the rule to all such petitioners, whether their cases are governed by the transitional rules or IIRIRA's permanent provisions.").

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

PETITION FOR REVIEW DISMISSED in part, and DENIED in part.