Jesus **GUTIERREZ–DUENAS**,
Petitioner,

v.

Alberto R. **GONZALES**, Attorney
General, Respondent.

Nos. 02–71427, 05–72711.

Agency No. A76–690–142.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 22, 2006.

Decided April 18, 2006.

Ozge Guzelsu, Esq., Munger Tolles & Olson, LLP, Los Angeles, CA, Claro L. Mamaril, Esq., Mamaril & Mamaril, Vallejo, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before TASHIMA, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Petitioner Jesus Gutierrez–Duenas ("Duenas") filed two petitions for review that were consolidated in this action. The first petition seeks review of the BIA's summary affirmance of the IJ's denial of Duenas's application for cancellation of removal. The second petition seeks review of the BIA's denial of Duenas's second motion to reopen based on ineffective assistance of counsel. Duenas claims that his lawyer failed to provide sufficient evidence of hardship when she filed his first motion to reopen, and that she failed to preserve his right to appeal the BIA's denial of the first motion to reopen. We grant both petitions for review.

The IJ denied Duenas's application for cancellation of removal on two grounds:

(1) Duenas's failure to establish that he had lived continuously in the U.S. for at least ten years; and, (2) Duenas's failure to show that his removal would result in the requisite degree of hardship to his two U.S. citizen children. *See* 8 U.S.C. § 1229b(b)(1). The BIA summarily affirmed.

When the BIA does not perform an independent review of the IJ's decision and instead defers to the IJ, we review the IJ's decision. *San Pedro v. Ashcroft,* 372 F.3d 1118, 1119 (9th Cir.2004). We have jurisdiction to review the IJ's factual determination that Duenas failed to satisfy the ten-year statutory requirement, but not the hardship determination, which is discretionary. 8 U.S.C. § 1252(a)(2)(B)(i); *see also Romero–Torres v. Ashcroft,* 327 F.3d 887, 891 (9th Cir.2003) (finding no jurisdiction to review the BIA's hardship determinations under IIRIRA).[1]

The BIA's summary affirmance of the IJ's denial of cancellation of removal failed to indicate whether it affirmed on reviewable or non-reviewable grounds. Accordingly, we grant Duenas's first petition for review and remand with instructions to the BIA to clarify the grounds for summary affirmance of the IJ's denial of cancellation of removal. *See Lanza v. Ashcroft,* 389 F.3d 917, 932 (9th Cir.2004) (compelling remand with instructions to clarify where BIA summarily affirms an IJ decision that is based on both reviewable and non-reviewable grounds).

Additionally, the BIA abused its discretion when it denied Duenas's second motion to reopen on the basis that there was "no indication that the outcome of the proceedings *would* be different" if Duenas prevailed on the ineffective assistance

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. "IIRIRA" refers to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009, 3009–546 (1997).

claim. We have held that Duenas need only demonstrate that his lawyer's deficient performance *may* have affected the proceedings. *Maravilla v. Ashcroft,* 381 F.3d 855, 859 (9th Cir.2004). Therefore, we also grant Duenas's second petition for review of the BIA's denial of his second motion to reopen based on ineffective assistance of counsel. This matter is remanded for further proceedings consistent with this order.

GRANTED.

