Epifano **FLORES–MACEDO,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 05–73542.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2007.

Filed May 3, 2007.

Nora E. Milner, Esq., Milner & Markee, LLP, San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, USSD—Office of the U.S. Attorney, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and WHYTE *, District Judge.

## MEMORANDUM **

Epifano Flores–Macedo is a native and citizen of Mexico. He entered the United States without inspection in 1973. In 1988, Flores–Macedo was granted temporary residency status pursuant to 8 U.S.C. § 1255(a). In 1990, Flores–Macedo became a legal permanent resident pursuant to 8 U.S.C. § 1255(a).

Flores–Macedo was convicted of two crimes during the 1980s. In 1985, he pled guilty to knowingly and willfully aiding, abetting, and assisting an illegal alien in eluding inspection and examination by immigration officers in violation of 18 U.S.C. § 2 and 8 U.S.C. § 1325. This misde-

---

* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

meanor conviction arose out of his conduct at a San Clemente, California checkpoint, approximately sixty miles north of San Diego. In 1989, Flores–Macedo was convicted in San Diego Superior Court for the offense of assault with a deadly weapon, in violation of California Penal Code § 245(a)(1). After the 1989 conviction, for which he was sentenced to two years, Flores–Macedo had no further criminal convictions, and he established a life in this country for himself and his multiple U.S. citizen children and other family members.

Beginning in 1998, the INS sought to remove Flores–Macedo, charging him in separate documents with removability on the basis of his alien smuggling and assault convictions. After a remand from the Board of Immigration Appeals (BIA) in 2001, the Immigration Judge (IJ) found that Flores–Macedo was removable under 8 U.S.C. § 1182(a)(6)(E)(i) for the 1985 "eluding inspection" offense. The IJ also alternatively denied relief as a discretionary matter.

■ In this appeal, converted from a habeas petition to a petition for review of his final order of removal, under the REAL ID Act, Pub.L. No. 109–13 § 106(c), 119 Stat. 231, 310–311 (2005), Flores–Macedo presents numerous claims. We reject Flores–Macedo's first argument that the five year statute of limitations in the rescission statute, 8 U.S.C. § 1256, barred removal proceedings against him because proceedings commenced more than eight years after his adjustment of status. The INS brought removal not rescission proceedings here. The rescission statute "does not prevent the removal of adjusted aliens." *Choe v. INS*, 11 F.3d 925, 928 n. 4 (9th Cir.1993).

■ We also reject Flores–Macedo's contention that the Attorney General (AG) exceeded his authority in promulgating the standard that governed the IJ's review of

his application for a waiver under 8 U.S.C. § 1182(h) (" § 212(h) waiver"). The AG has broad authority under the statute and nothing supports the claim that the AG exceeded his authority in establishing a standard for the exercise of discretion under § 212(h).

■ The IJ determined that Flores–Macedo's 1985 conviction under 8 U.S.C. § 1325 for aiding, abetting, and assisting an illegal alien in "elud[ing] examination or inspection by immigration officers" was an alien smuggling offense under 8 U.S.C. § 1182(a)(6)(E)(i), which renders inadmissible an "alien who ... aided any other alien *to enter or to try to enter* the United States in violation of law." *Id.* (emphasis added). The conduct proscribed by 8 U.S.C. § 1325 is considerably broader than that covered by 8 U.S.C. § 1182(a)(6)(E)(i). The plain language of § 1182(a)(6)(E)(i) renders inadmissible only those aliens who "encouraged, induced, assisted, abetted, or aided another alien to enter or to try to enter the United States." Flores–Macedo's conduct did not fall within that statutory prohibition. Thus, the IJ erred in determining that Flores–Macedo's conviction under § 1325(a)(2) was an alien smuggling offense that rendered him inadmissible under § 1182(a)(6)(E)(i). We grant the petition in part on the basis of this error.

■ The BIA's order affirming the IJ was a single paragraph long and consisted primarily of the following statements: "We have reviewed the record of proceedings and the respondent's contentions on appeal. We agree with the results reached by the Immigration Judge.... The respondent made several other arguments on appeal; while we acknowledge the presence of positive equities in this case, none of these arguments persuades us that this appeal should be sustained."

Although in the exercise of discretion the IJ also denied Flores–Macedo relief

due to his 1989 assault conviction, the BIA did not specifically reference this ground. When it is unclear whether the BIA affirmed "on a reviewable ground ... or an unreviewable ground .... due process requires [this court] to either assume that the BIA relied on the reviewable ground or to remand this case to the BIA for clarification of the grounds for its decision." *Lanza v. Ashcroft,* 389 F.3d 917, 924 (9th Cir.2004). In *Lanza* we remanded in light of "the general presumption against federal jurisdiction." *Id.; see also San Pedro v. Ashcroft,* 395 F.3d 1156, 1157 (9th Cir.2005) (remanding to the BIA for clarification in a similar circumstance). Because the BIA's order affirming the IJ's decision is unclear as to the precise grounds for affirmance (the alien smuggling grounds upon which we grant the petition or the discretionary authority to deny over which we lack jurisdiction or both), we remand to the BIA for it to clarify the grounds for its decision.

GRANTED in part; DENIED in part; REMANDED.