**Danilo Basmayor BARISO, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–71807.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Russell Lee Marshak, Esquire, Senior Litigation Counsel, Thomas H. Chung, Esquire, Popkin Shamir & Golan, Los Angeles, CA, for Petitioner.

Matt Crapo, Oil, Michelle Gorden Latour, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Danilo Basmayor Bariso, a native and citizen of the Philippines, petitions for re-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying Bariso's application for a waiver of inadmissibility under section 237(a)(1)(H) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(H). We have jurisdiction under 8 U.S.C. § 1252 to review the statutory eligibility elements of a waiver of inadmissibility under section 237(a)(1)(H). *See San Pedro v. Ashcroft,* 395 F.3d 1156, 1157 (9th Cir.2005). We review de novo questions of law, *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1009 (9th Cir.2005), and we deny the petition for review.

The IJ correctly concluded that Bariso was ineligible for a waiver of inadmissibility because he did not have a qualifying relative at the time of the IJ's decision. *See Kalezic v. INS,* 647 F.2d 920, 922 (9th Cir.1981) ("[T]he critical date in applying [section 237(a)(1)(H) ] is the date of the Immigration Judge's decision."). Bariso's contention that his sisters should be considered qualifying relatives is not persuasive.

**PETITION FOR REVIEW DENIED.**