MEMORANDUM **
Danilo Basmayor Bariso, a native and citizen of the Philippines, petitions for re *541 view of the Board of Immigration Appeals’ order summarily affirming an immigration judge’s (“I J”) decision denying Bariso’s application for a waiver of inadmissibility under section 237(a)(1)(H) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(H). We have jurisdiction under 8 U.S.C. § 1252 to review the statutory eligibility elements of a waiver of inadmissibility under section 237(a)(1)(H). See San Pedro v. Ashcroft, 395 F.3d 1156, 1157 (9th Cir.2005). We review de novo questions of law, Cabrera-Alvarez v. Gonzales, 423 F.3d 1006, 1009 (9th Cir.2005), and we deny the petition for review.
The IJ correctly concluded that Bariso was ineligible for a waiver of inadmissibility because he did not have a qualifying relative at the time of the IJ’s decision. See Kalezic v. INS, 647 F.2d 920, 922 (9th Cir.1981) (“[T]he critical date in applying [section 237(a)(1)(H) ] is the date of the Immigration Judge’s decision.”). Bariso’s contention that his sisters should be considered qualifying relatives is not persuasive.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.