**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREG ORENCIO VENTURA LAGUA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 06-72353 <br><br> Agency No. A074-350-656 <br><br> MEMORANDUM[*] |
| GREG ORENCIO VENTURA LAGUA, aka Reginald Agustin Llacuna, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-70031 <br><br> Agency No. A074-350-656 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 14, 2011[]
Honolulu, Hawaii

Before: ALARCÓN, WARDLAW, and N.R. SMITH, Circuit Judges.

On February 27, 1993, Greg Orencio Ventura Lagua, a native and citizen of the Philippines, entered the United States at the Honolulu Airport as a lawful permanent resident, using the name and identity of Reginald Augustin Llacuna. In 1996, Lagua married a United States citizen, with whom he had a child, and he maintained his assumed identity until his fraud was discovered and removal proceedings were instituted against him nearly a decade after his entry into the United States. Lagua petitions for review of two orders issued by the Board of Immigration Appeals ("BIA"). He requests that his case be remanded with instructions to consider the fact that he is the beneficiary of an approved immigrant visa petition. We grant in part and deny in part Lagua's consolidated petitions, and remand the matter to the BIA with instructions.

We have jurisdiction to consider the issues raised in Lagua's petitions for review pursuant to INA § 242, 8 U.S.C. § 1252(a)(1). The immigration judge's ("IJ") April 12, 2005 oral decision was summarily affirmed by the BIA. Accordingly, we review the IJ's decision for error. 8 C.F.R. § 1003.1(e)(4)(ii).

---

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lagua challenges a number of the agency's decisions both as error and as violating his due process rights. Mindful of the rule of constitutional avoidance, we first consider each of Lagua's non-constitutional claims under the applicable standard of review. *See Envtl. Def. Ctr., Inc. v. EPA*, 344 F.3d 832, 843 (9th Cir. 2003) ("[W]e avoid considering constitutionality if an issue may be resolved on narrower grounds . . . .").

## I

Lagua argues that the IJ erred in denying his request for a continuance because the adjudication of his I-130 immigrant visa petition was of great importance to his eligibility for various forms of relief from removal and his eligibility to adjust his status to that of a lawful permanent resident.

An IJ "may grant a continuance for good cause shown." 8 C.F.R. § 1003.29. "When reviewing an IJ's denial of a continuance, we consider a number of factors, including: (1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).

Here, the IJ denied Lagua's request for a continuance to await adjudication of the I-130 petition, "because the case has been on the docket since August 2004,

3

and the Department of Homeland Security gives no suggestion as to when it will adjudicate the visa." The IJ, however, failed to create a record of her consideration of any other relevant factors. The IJ abused her discretion by failing to articulate reasons sufficient to support a determination that a continuance was not warranted. *See id.* at 1014 ("[T]he IJ abused her discretion by failing to provide any explanation for her decision, and failing to take into account any of the facts and circumstances of [petitioner]'s case that were relevant to the grant or denial of a continuance.").

## II

Lagua challenges the IJ's denial of his applications for cancellation of removal as a nonpermanent resident under INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1); a waiver of deportability pursuant to INA § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H); and post-proceeding voluntary departure under INA § 240B(b), 8 U.S.C. § 1229c(b). The IJ denied those applications on the ground that Lagua did not satisfy the applicable "good moral character" requirements for those forms of relief from removal.

Section 242 of the INA bars appellate review of certain discretionary decisions, including the agency's judgments regarding whether to grant various forms of immigration relief.. 8 U.S.C. § 1252(a)(2)(B)(i). This court also lacks the

4

jurisdiction to review the agency's discretionary good moral character determinations. *Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 854 (9th Cir. 2006); *but see also Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir. 2005), (explaining that a good moral character determination is reviewable where it is based on one of the statutory exclusions found in INA § 101(f), 8 U.S.C. § 1101(f)), *overruled on other grounds by Sanchez v. Holder*, 560 F.3d 1028, 1030 (9th Cir. 2009) (en banc). We retain, however, jurisdiction to consider questions of law and constitutional questions raised in a petition for review challenging the agency's discretionary denial of relief. 8 U.S.C. § 1252(a)(2)(D).

We lack the jurisdiction to review the IJ's discretionary denial of Lagua's applications for a § 237(a)(1)(H) waiver and voluntary departure. 8 U.S.C. § 1252(a)(2)(B)(i). Regarding Lagua's application for cancellation of removal, however, the IJ weighed the factors establishing Lagua's good moral character, or lack thereof, and concluded that "the balance tips against [Lagua]." The IJ also concluded that "as a matter of law, [Lagua] cannot meet the good moral character component for cancellation of removal for certain nonpermanent resident[s]. Therefore, that application is pretermitted." Because it is unclear from the IJ's ruling whether her decision was based on the exercise of her discretion or her determination that Lagua was statutorily precluded from establishing good moral

5

character, we remand the matter to the agency for clarification of the grounds for its decision.[1] *San Pedro v. Ashcroft*, 395 F.3d 1156, 1157 (9th Cir. 2005) (remanding for clarification where IJ's alternative holding "ma[d]e[] impossible a determination of the basis for the BIA's affirmance").

### III

Lagua argues that the BIA erred in denying his October 11, 2007 motion to reopen his removal proceedings because of the August 16, 2006 approval of his wife's I-130 immigrant visa petition on his behalf.

Generally, this court has jurisdiction to review the BIA's denial of a motion to reopen. *Nath v. Gonzales*, 467 F.3d 1185, 1188 (9th Cir. 2006). This court, however, lacks jurisdiction to review a claim that the BIA should have exercised its sua sponte power to reopen deportation proceedings. *Nevarez Nevarez v. Holder*, 572 F.3d 605, 607 (9th Cir. 2009). When it has jurisdiction, this court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Romero v. Holder*, 568

---

[1]On remand, we direct the agency's attention to our decision in *Delmundo v. INS*, 43 F.3d 436 (9th Cir. 1994), which instructs that "fraudulent acts in applying for permanent resident status and obtaining a driver's license, social security card, and voter's identification card [that are] an extension of [an alien's] initial fraudulent entry" are not properly considered in determining whether an alien is entitled to a discretionary waiver of excludability for fraud. *Id.* at 441; *see also Jen Hung Ng v. INS*, 804 F.2d 534, 539 (9th Cir. 1986) ("The inclusion of an improper factor in reaching a discretionary decision is grounds for remand.").

F.3d 1054, 1059 (9th Cir. 2009).  Under this standard, the BIA's decision will be upheld unless it is "arbitrary, irrational, or contrary to law."  *Id.*

Citing 8 C.F.R. § 1003.2(c)(2), the BIA denied Lagua's October 11, 2007 motion to reopen as untimely because its final order had been entered on April 7, 2006, and "with certain exceptions not relevant here, a motion to reopen must be filed within 90 days of the administratively final order."  Assuming without deciding that this court has jurisdiction to review the BIA's decision, the BIA did not abuse its discretion in determining that Lagua's motion was untimely and that it was not required to deny the motion on any other basis.

**Conclusion**

We grant Lagua's petition because the IJ denied Lagua's request for a continuance without providing an adequate explanation of the basis for her decision.  We remand to permit the agency to address relevant considerations, including but not limited to:  the import of the pending I-130 petition to Lagua's eligibility for any of the requested forms of relief from removal, the reasonableness of Lagua's conduct in connection with the removal proceedings, and the number of continuances previously granted.  Because the IJ's articulated basis for the decision to pretermit Lagua's application for a § 212(i) application flowed directly from the denial of Lagua's request for a continuance, we include the question of Lagua's

7

eligibility for this form of relief within the scope of this remand. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

We also grant Lagua's petition for review on the ground that it is unclear whether the IJ's denial of his request for cancellation of removal was based on a discretionary determination that he lacked good moral character, or on the ground that he was statutorily precluded from establishing good moral character. We remand the matter to permit the agency to clarify the basis for its decision. The scope of this remand also permits the BIA to revisit the discretionary determination of Lagua's good moral character for each of the other requested forms of relief from removal.

We deny Lagua's petition in all other respects. We may consider Lagua's due process arguments, if Lagua raises them in a future petition for review, after the agency has addressed the foregoing issues on remand. *See Ventura v. INS*, 317 F.3d 1003, 1005 (9th Cir. 2003) (per curiam) (remanding "without prejudice to Ventura reinstating his petition for review . . . following reconsideration by the BIA").

The consolidated petitions are GRANTED IN PART and DENIED IN

PART, and REMANDED with instructions.