**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABELARDO ADRIANO CANGCO, | No. 13-71945 |
| Petitioner, | Agency No. A041-163-014 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Abelardo Adriano Cangco, a native and citizen of the Philippines, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") discretionary denial of a waiver of fraud

or misrepresentation under 8 U.S.C. § 1227(a)(1)(H).  Our jurisdiction is governed

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review de novo questions of law, and we review for substantial evidence the agency's factual findings. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The BIA did not engage in impermissible fact-finding or err in agreeing with the IJ that Cangco is removable as charged in the Notice to Appear ("NTA") as an alien, who by fraud or willful misrepresentation, procured a visa or admission into the United States, where substantial evidence supports the IJ's findings that Cangco had engaged in fraud in obtaining his lawful permanent resident status and the IJ ordered Cangco removed on the charges contained in the NTA. *See* 8 U.S.C. § 1182(a)(6)(C)(i). To the extent the IJ may have erred in addressing removability only in the order and not in the decision, Cangco failed to demonstrate any prejudice resulting from such error. *See Kumar v. Gonzales*, 439 F.3d 520, 523-24 (9th Cir. 2006).

The agency was not required to determine whether Cangco was statutorily eligible for a waiver under 8 U.S.C. § 1227(a)(1)(H), where it determined that it would deny such an application in the exercise of discretion. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to make findings on non-dispositive issues).

We lack jurisdiction to review the agency's discretionary denial of a waiver under 8 U.S.C. § 1227(a)(1)(H), and Cangco does not raise a colorable question of law or due process claim that would invoke our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *San Pedro v. Ashcroft*, 395 F.3d 1156, 1157-58 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**