
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUI SHENG YE, | No. 14-73490 |
| Petitioner, | Agency No. A047-858-671 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 17, 2017
San Francisco, California

Before:  W. FLETCHER and TALLMAN, Circuit Judges, and SILVER,[**] District
Judge.

Gui Sheng Ye petitions for review of the Board of Immigration Appeals'

("BIA") decision sustaining the Department of Homeland Security's appeal from

an immigration judge's decision.  The BIA denied Ye's application for a fraud

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

waiver under 8 U.S.C. § 1227(a)(1)(H).  Our jurisdiction is governed by 8 U.S.C. § 1252, and we lack jurisdiction to review the agency's exercise of discretion.  8 U.S.C. § 1252(a)(2)(B)(ii).  We dismiss the petition for review.

By statute, the agency's decision whether to grant a fraud waiver is a matter of discretion.  8 U.S.C. § 1227(a)(1)(H).  Ye argues the agency did not "fully and fairly consider all relevant positive factors weighing" in favor of a fraud waiver and over-emphasized the negative factors weighing against a fraud waiver.  *See Matter of Tijam*, 22 I. & N. Dec. 408, 412 (B.I.A. 1998) (stating that in deciding whether to exercise its discretion to grant a wavier of removability, the agency balances the "alien's undesirability as a permanent resident with the social and humane considerations present," and the adverse factors to be considered "may include the nature and underlying circumstances of the fraud or misrepresentation involved").  But these arguments, and all of Ye's other arguments, are attempts to challenge the agency's discretionary decision, particularly how it weighed the evidence, a matter over which we lack jurisdiction.  *See Vasquez v. Holder*, 602 F.3d 1003, 1017 (9th Cir. 2010) (noting "we do not have jurisdiction to review the discretionary denial of a fraud waiver"); *San Pedro v. Ashcroft*, 395 F.3d 1156, 1157 (9th Cir. 2005) (noting "we . . . lack jurisdiction" to review a petition challenging an exercise of discretion under the fraud waiver statute).

2

**PETITION FOR REVIEW DISMISSED.**  Each party shall bear its own costs of this appeal.