

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MYRNA SADOWSKI,<br><br>        Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | No.   13-73914<br><br>Agency No. A071-532-684<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2018[**]
Honolulu, Hawaii

Before:    TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

Petitioner Myrna Sadowski, a native and citizen of the Philippines, petitions

for review of the Board of Immigration Appeals' ("BIA") decision dismissing her

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

appeal of an immigration judge's ("IJ") final order of removal. We deny the petition in part and dismiss it in part.

**1.** Sadowski first argues that the Department of Homeland Security ("DHS") did not establish removability because she is not bound by her counsel's concession of removability. "Absent egregious circumstance," an attorney's concession of removability may bind an alien and serve as evidence of removability. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 830 (9th Cir. 2011) (quoting *Matter of Velasquez*, 19 I. & N. Dec. 377, 382 (B.I.A. 1986)). Sadowski contends that her attorney's ineffectiveness constitutes an egregious circumstance, in part because the attorney should not have conceded removability. As described below, we conclude that Sadowski's attorney was not ineffective, and that there are no "egregious circumstances" to justify ignoring the concession. Therefore, DHS established that Sadowski was removable.

Even absent the concession, there is clear and convincing evidence that Sadowski was removable. Sadowski's age was a material fact on her application to adjust status because, by including her false date of birth, she covered up the fact that she had misrepresented her age on previous applications. If Sadowski had included her correct date of birth on the application, DHS would have seen that she had misrepresented her age on previous applications and initiated removal

proceedings against her. *See Fedorenko v. United States*, 449 U.S. 490, 509 (1981) ("At the very least, a misrepresentation must be considered material if disclosure of the true facts would have made the applicant ineligible for a visa.").

**2.** Sadowski next alleges that her counsel's ineffectiveness constituted a due process violation. Where a petitioner asserts ineffective assistance of counsel on appeal to the BIA, the challenge is treated as a motion to reopen. *Correa-Rivera v. Holder*, 706 F.3d 1128, 1131 (9th Cir. 2013) (citing *Iturribarria v. INS*, 321 F.3d 889, 891 (9th Cir. 2003)). Because Sadowski did not comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988),[1] this Court can only find ineffective assistance of counsel if it is plain from the administrative record. *Castillo-Perez v. INS*, 212 F.3d 518, 525–26 (9th Cir. 2000).

On this record, Sadowski's counsel's performance was not plainly ineffective. Conceding removability is often a tactical choice within the counsel's professional judgment. *See Magallanes-Damian v. INS*, 783 F.2d 931, 934 (9th Cir. 1986). And, there is no evidence that Sadowski's attorney failed to discuss the

---

[1] Sadowski argues that she has now complied with the *Lozada* requirements, and asks the Court to grant her motion to transmit exhibits, purportedly evidencing compliance. *See* **Dkt. no. 10.** We deny this motion because the documents were never before the BIA. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

decision to concede with Sadowski. Further, Sadowski's attorney's performance was not plainly deficient with respect to Sadowski's cancellation of removal applications or her waiver of removability application. The BIA did not abuse its discretion in rejecting Sadowski's motion to reopen.

**3.** Finally, Sadowski argues that the BIA erred in denying her a waiver of removability. We may, of course, review colorable questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), but we do not have jurisdiction to review how the BIA weighed the discretionary factors in its waiver analysis, *see* 8 U.S.C. § 1252(a)(2)(B)(ii). Here, Sadowski attempts to shoehorn her claims into a legal question, but she really takes issue with how the BIA weighed the equities. This is clearly an exercise of discretion over which we do not have jurisdiction. *See San Pedro v. Ashcroft*, 395 F.3d 1156, 1157–58 (9th Cir. 2005).

• ● •

The petition is **DENIED in part and DISMISSED in part.**