**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELANIT AVIDAN, | No. 21-70146 |
| Petitioner, | Agency No. A095-710-920 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2023[**]
Pasadena, California

Before: KLEINFELD, WATFORD, and COLLINS, Circuit Judges.

Elanit Avidan petitions for review of an order of the Board of Immigration

Appeals (BIA) dismissing her appeal from the decision of an immigration judge

denying her application for a waiver of removal under 8 U.S.C. § 1227(a)(1)(H).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We dismiss in part and deny in part the petition.

**1.** Our review of the BIA's denial of a waiver of removal under 8 U.S.C. § 1227(a)(1)(H) is limited to colorable "constitutional claims [and] questions of law." § 1252(a)(2)(D); *see also* § 1252(a)(2)(B)(ii); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009); *San Pedro v. Ashcroft*, 395 F.3d 1156, 1157–58 (9th Cir. 2005). Here, the BIA applied the correct standard from *In re Tijam*, 22 I. & N. Dec. 408, 412–13 (BIA 1998) (en banc), and properly considered each relevant factor *de novo*. Avidan's argument that the BIA abused its discretion by not giving sufficient weight to the positive equities in her case does not raise a colorable question of law. It instead challenges how the agency balanced the relevant considerations—a matter over which we lack jurisdiction. *See Vasquez v. Holder*, 602 F.3d 1003, 1017 (9th Cir. 2010) (noting that "we do not have jurisdiction to review the discretionary denial of a fraud waiver").

Avidan also argues that it was legal error for the BIA to consider the misrepresentations she made in applying for naturalization and petitioning for a visa on behalf of her second husband because those acts were extensions of her initial entry fraud. As decisions from the Supreme Court and the BIA have made clear, however, the BIA can consider a petitioner's initial entry fraud as an adverse factor when making a discretionary decision under 8 U.S.C. § 1227(a)(1)(H). *See INS v. Yueh-Shaio Yang*, 519 U.S. 26, 31 (1996); *Tijam*, 22 I. & N. Dec. at 416–17.

2

Accordingly, we lack jurisdiction to review the BIA's decision because Avidan's contentions, namely that the agency failed to properly weigh the positive equities in her case and improperly considered subsequent misrepresentations made to immigration authorities, do not state colorable questions of law.

**2.** Avidan contends that the immigration court lacked jurisdiction because the notice to appear (NTA) she received was defective under *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), and *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). That argument is foreclosed by our recent decision in *United States v. Bastide-Hernandez*, 39 F.4th 1187 (9th Cir. 2022) (en banc), which held that "the failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction." *Id.* at 1188. We therefore deny the petition as to this claim.

**PETITION FOR REVIEW DISMISSED IN AND DENIED IN PART.**