**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHU-YEN LIN, AKA Shu Yen Chuang-Lin, AKA Shuyen Deglow, AKA Shu Yan Lin, AKA Suyan Lin, AKA Lin Su-Yan, | No. 16-70457 |
| Petitioner, | Agency No. A075-284-745 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 13, 2019
San Francisco, California

Before: M. SMITH, WATFORD, and HURWITZ, Circuit Judges.

Shu-Yen Lin petitions for review of two decisions of the Board of

Immigration Appeals that affirmed the Immigration Judge's finding of

removability, denied her application for a waiver of inadmissibility, and denied her

application for asylum, withholding of removal, and protection under the

Convention Against Torture. We deny her petition for review.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** Substantial evidence supports the IJ's conclusion that the government demonstrated by clear and convincing evidence that Lin had procured a visa "by fraud or willfully misrepresenting a material fact," 8 U.S.C. § 1182(a)(6)(C)(i), which rendered her removable under 8 U.S.C. § 1227(a)(1)(A). Lin could qualify for her visa only if, as relevant here, she had been employed in a managerial capacity for at least one year in Taiwan. *Id.* § 1153(b)(1)(C). The petition filed on her behalf by her putative new employer represented that Lin had been employed for several years as an accounting manager at Win Win Advertising Co. The IJ found this material fact false, and that finding is supported by substantial evidence. For example, Lin's brother (the vice president of Win Win) admitted during his criminal trial that he "falsely documented" Lin as a manager of Win Win for U.S. immigration purposes. The record also permitted the IJ to draw the inference "that the misrepresentation was deliberate and voluntary"—in other words, done at Lin's behest or with her knowledge. *Forbes v. INS*, 48 F.3d 439, 442 (9th Cir. 1995).

Lin contends that the Taiwanese court and tax records relied on by the government were inadmissible hearsay and not properly authenticated. The IJ may consider "probative" hearsay so long as its admission is "fundamentally fair." *Cunanan v. INS*, 856 F.2d 1373, 1374 (9th Cir. 1988). The Taiwanese courts' adjudication of the very issue before the IJ—whether Lin worked in a managerial capacity for Win Win—is undoubtedly probative, and Lin was "allowed to

examine," and "given ample time to produce substantial evidence to rebut," the court and tax records. *Angov v. Lynch*, 788 F.3d 893, 899 (9th Cir. 2015). Many of the court records were authenticated by an official seal in accordance with 8 C.F.R. § 1287.6(b), and all were accompanied by "some sort of proof that the document is what it purports to be." *Padilla-Martinez v. Holder*, 770 F.3d 825, 833 (9th Cir. 2014) (internal quotation marks omitted). While Agent Sacramento's testimony likely did not suffice to authenticate the tax records, their contents were corroborated by the findings of a Taiwanese court. In sum, the court and tax records were "reasonable, substantial, and probative evidence." 8 U.S.C. § 1229a(c)(3)(A).

2. Our review of the BIA's denial of a waiver of inadmissibility under 8 U.S.C. § 1227(a)(1)(H) is limited to "constitutional claims [and] questions of law." 8 U.S.C. § 1252(a)(2)(B)(ii), (a)(2)(D); *see San Pedro v. Ashcroft*, 395 F.3d 1156, 1157–58 (9th Cir. 2005). Here, the BIA applied the governing legal standard from *Matter of Tijam*, 22 I. & N. Dec. 408 (BIA 1998), and considered each relevant factor. *See Xiao Fei Zheng v. Holder*, 644 F.3d 829, 834 (9th Cir. 2011). We lack jurisdiction to review Lin's contention that the BIA did not sufficiently discuss her equities, which is "inherently intertwined" with the Board's "assessment of the facts." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009). Contrary to Lin's contention, consideration of her outstanding Taiwanese arrest warrant was

not legal error because 8 U.S.C. § 1227(a)(1)(H) "imposes no limitations on the factors that the Attorney General [or the BIA] may consider in determining who, among the class of eligible aliens, should be granted relief." *INS v. Yueh-Shaio Yang*, 519 U.S. 26, 30 (1996).

**3.** Lin's application for asylum was denied on the ground that she failed to prove a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). Considering the totality of the circumstances, the BIA's adverse credibility finding was supported by substantial evidence, including Lin's use of a fraudulent Philippines passport and her lawyer's submission of a false sale document for a Miami home. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). Even if the IJ's 2015 credibility finding was insufficiently clear under our case law, the BIA made an explicit finding. *Cf. Ming Dai v. Sessions*, 884 F.3d 858, 867 (9th Cir. 2018).

Because "[w]e have long distinguished persecution from prosecution," *Li v. Holder*, 559 F.3d 1096, 1108 (9th Cir. 2009), Lin bore the burden of establishing a reasonable probability that some aspect of her potential prosecution in Taiwan would rise to the level of persecution. The record does not compel acceptance of any of Lin's theories. First, the IJ could reasonably find that Taiwanese officials have a legitimate, non-pretextual desire to investigate Lin's involvement in bribery and document fraud. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044–45 (9th Cir.

2004).  Second, while the record reflects concerns with the independence of the Taiwanese judiciary, the country-conditions report reinforces the BIA's conclusion that Lin failed to show a reasonable probability that she will receive an unfair trial. *See Kazlauskas v. INS*, 46 F.3d 902, 906 (9th Cir. 1995).  Third, the IJ permissibly relied on the country-conditions report's assessment of the general treatment of prisoners, as opposed to news articles regarding the former president of Taiwan, to find that Lin had not demonstrated a reasonable probability of mistreatment in prison.  For these same reasons, substantial evidence supports the IJ's determination that Lin is ineligible for withholding of removal and protection under the Convention Against Torture.  *See* 8 C.F.R. § 1208.16(b)(2), (c)(2).

**PETITION FOR REVIEW DENIED.**