NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JALEL BEN NSIRA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   18-71637
19-70182

Agency No. A077-126-917

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2021[**]
Pasadena, California

Before:  GOULD, LEE, and VANDYKE, Circuit Judges.

Jalel Ben Nsira, a native and citizen of Tunisia, seeks review of the Board of

Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial

of asylum, withholding of removal, and protection under the Convention Against

Torture (CAT).  He also challenges the discretionary denials of his application for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

waiver of removal under 8 U.S.C. § 1227(a)(1)(H), motion to remand for consideration of additional evidence, and motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252, and we grant in part, dismiss in part, and deny in part.

We "review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) (citation omitted). "Our review is limited to those grounds explicitly relied upon" by the BIA. *Id.* Factual findings are reviewed "under the 'extremely deferential' substantial-evidence standard, under which we treat such findings as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (citation omitted). Legal conclusions are reviewed de novo. *Budiono*, 837 F.3d at 1046. As the parties are familiar with the facts, we do not recount them here.

1. Nsira challenges the BIA's determination that he is not eligible for asylum and withholding of removal based on his membership in the particular social group of "Tunisians who are married to United States citizens whose families are Christian." The IJ rejected such claim below on the basis that the proposed group lacked particularity and social distinction. The BIA, however, incorrectly characterized the IJ's decision as concluding that Nsira "does not face an objectively reasonable risk of persecution based on his marriage to a foreign woman of a different faith." It then erroneously determined that Nsira had failed to challenge

2

this finding — which the IJ never made in the context of his particular social group claim — and that thus he waived the claim. But in his brief to the BIA, Nsira did challenge the IJ's findings about the particularity and social distinction of his proposed group, *and* he challenged the IJ's conclusion that Nsira did not face a reasonable possibility of persecution in the context of his very similar marriage-based religious persecution claim. He thus did not waive this particular social group claim; the BIA's contrary conclusion was error, so we grant the petition for review on this ground and remand to the BIA. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 870 (9th Cir. 2003).

2. Substantial evidence supports the denial of asylum and withholding of removal for Nsira's other claims. To qualify for such relief based on fear of future persecution, an applicant must show that there is a "'reasonable possibility' that he will be 'singled out individually for persecution' if removed," or "a systematic 'pattern or practice' of persecution against the group to which he belongs in his home country." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

The record does not compel the conclusion that Nsira has a well-founded fear of persecution based on religion. First, he claims that he will be targeted by Islamic fundamentalists due to his religious practices. But country conditions evidence shows that the Tunisian government is controlled by moderate leaders and has taken

steps to promote religious tolerance. Although there was some conflicting evidence in the record, the IJ considered the record holistically and permissibly concluded that Nsira's fear was not objectively reasonable. *See Vatyan v. Mukasey*, 508 F.3d 1179, 1185 n.4 (9th Cir. 2007). Second, Nsira claims that he fears persecution due to his marriage to a Christian woman. But the evidence he relies on does not address his specific situation or demonstrate that he faces an individualized risk of harm. *See Sinha v. Holder*, 564 F.3d 1015, 1025 (9th Cir. 2009).

The record also does not compel the conclusion that Nsira has a reasonable fear of harm based on his political opinions. There is no evidence that he has publicly engaged in political activity or that he plans to do so in the future. Rather, he keeps his views to himself. *See Ahmed v. Keisler*, 504 F.3d 1183, 1197 (9th Cir. 2007); *Matter of E-P-*, 21 I. & N. Dec. 860, 862 (BIA 1997). Though the country conditions evidence shows instances of political persecution in Tunisia generally, it does not establish that Nsira will suffer harm based on his privately held beliefs.

Finally, substantial evidence supports the BIA's conclusion that Nsira does not have a reasonable fear of persecution based on membership in the particular social group of sexual minorities. Nsira asserts that his support for gay rights will cause others to perceive him as gay. But there is no evidence that he has ever publicly expressed support for gay rights. The record thus does not compel the conclusion that he will be viewed as gay and persecuted on that ground.

Given that Nsira has not demonstrated his eligibility for asylum, he cannot meet the higher burden of proof required for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). We thus deny Nsira's petition as to his claims for asylum and withholding of removal based on the above grounds.

3. Substantial evidence supports the denial of CAT relief. To qualify for CAT relief, an applicant "must prove that it is 'more likely than not that he or she would be tortured if removed to the proposed country.'" *Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017) (citation omitted). This inquiry "is based entirely on an objective basis of fear." *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010).

Nsira argues that he is eligible for CAT relief on the same grounds as he asserted for asylum and withholding of removal. But he fails to "show that it is 'more likely than not' that a government official or person acting in an official capacity would torture him or aid or acquiesce in his torture by others." *Wakkary*, 558 F.3d at 1067–68 (citation omitted). Instead, he presents only generalized evidence of certain groups — such as gay men — being tortured, without any particularized showing that he himself is at risk. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (explaining that a particularized risk of torture is required for CAT relief). For these reasons, we deny Nsira's petition as to his CAT claims.

4. We lack jurisdiction to review the BIA's decision affirming the denial of a

waiver of removal under 8 U.S.C. § 1227(a)(1)(H). *See San Pedro v. Ashcroft*, 395 F.3d 1156, 1157–58 (9th Cir. 2005). But we can review Nsira's claims that the BIA applied the wrong standard of review and that the IJ relied on an improper inference in denying the waiver, as they are questions of law. *See* 8 U.S.C. § 1252(a)(2)(D).

The BIA applied the clear error standard when reviewing the IJ's determination that Nsira testified evasively and tried to minimize his responsibility for his actions. This was the proper standard to review the IJ's factual findings. *See* 8 C.F.R. § 1003.1(d)(3)(i). And the IJ's findings were not based on improper inferences, as she relied on her firsthand observation of Nsira's testimony. She also provided specific reasons, grounded in the record, for her assessment, satisfying the substantial evidence standard that applies to our review of factual findings. *See Velasquez-Gaspar*, 976 F.3d at 1064.

Absent any legal errors, we likewise cannot review the discretionary denial of Nsira's motion to remand to present additional evidence bearing on the discretionary waiver analysis. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir. 2006) ("Section 1252(a)(2)(B)(i) … bars jurisdiction where the question presented is essentially the same discretionary issue originally decided."). We therefore dismiss Nsira's petition as to these claims.

5. The BIA did not abuse its discretion in denying Nsira's motion to reconsider, as it was time-barred, and there was no deception, fraud, or error to

warrant equitable tolling.  *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).

Nsira argues that under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the IJ lacked

jurisdiction over his case because his Notice to Appear lacked a time and place.  But

we have rejected this argument and held that *Pereira* is "not in any way concerned

with the Immigration Court's jurisdiction."  *Karingithi v. Whitaker*, 913 F.3d 1158,

1159 (9th Cir. 2019).  There was thus no legal error in the BIA's denial of Nsira's

motion, and we deny his petition on this basis.

**GRANTED IN PART, DENIED IN PART, AND DISMISSED IN PART.**